NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 04-CV-127-HRW

FRANKLIN W. MCCONNELL, JR.                                              PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

DR. KENNETH GOMEZ, ET AL.                                               DEFENDANTS

This matter is before the Court on the motion of the United States, by counsel, to dismiss or for entry of summary judgment [Record No. 18]. For the reasons discussed below, the motion to dismiss will be granted.

BACKGROUND

On July 19, 2004, Franklin W. McConnell, Jr., an individual incarcerated at the Federal Medical Center-Devens in Ayer, Massachusetts, submitted a motion to proceed *in forma pauperis* and a *pro se* complaint, pursuant to 28 U.S.C. §1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); and pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §2672, *et. seq*. The plaintiff claimed that while he was imprisoned at the Federal Correctional Institution (FCI) in Ashland, Kentucky, the five named defendants (1) were deliberately indifferent to his serious medical needs in violation of the U. S. Constitution; (2) violated 42 U.S.C. §§§1983, 1985, and 1983; and (3) committed malpractice. He has sought a jury trial and damages, including punitive damages.

Upon screening the complaint, the Court issued an Order summarizing the factual allegations therein as follows:

> The plaintiff begins with his arrival at FCI-Ashland on October 3, 2001, at which time Defendant Dr. Gomez purportedly stated that the plaintiff's "kidneys were working just fine." Upon the plaintiff's later suffering problems with his urinary tract for several months, Dr. Gomez referred him to a specialist. After a renal scan at a local hospital in March of 2002, the plaintiff alleges, he was taken to the defendant hospital on May 6, 2002, "without explanation or consent."
>
> The plaintiff claims that he was immediately subjected to surgery, Dr. Ogbolu purportedly telling him that his left kidney was cancerous. The plaintiff complains that his prison doctor never told him that surgery was necessary or scheduled; the plaintiff never consented to the surgery; and he tried to stop the surgery by telling hospital personnel that he did not want the surgery. Nonetheless, the surgery was performed on May 6, 2002, and Drs. Ogbolu and Canos removed his left kidney. In a post-op visit, Dr. Ogbolu told him that the kidney he removed was cancerous, but he would have a biopsy to confirm this fact. On his next visit, the same doctor purportedly told him that the biopsy revealed that the removed kidney was not, in fact, cancerous.
>
> On the fifth day after the surgery, the plaintiff was taken back to the prison. He claims that he was in severe pain and was supposed to be taken to the prison infirmary, but he was, nonetheless, taken to his old cell to sleep on a dirty mattress and to get himself to meals on his own. During his recovery period, after only a week on pain-killers, the plaintiff approached Dr. Gomez, who was purportedly deliberately indifferent to his complaints of pain and refused to discuss the matter of the removal of a healthy kidney by Drs. Ogbolu and Canos.
>
> Instead, Dr. Gomez referred the plaintiff to a psychiatrist, who evaluated him on May 28, 2002 and determined that the plaintiff was only concerned and afraid because he could not understand his medical situation. Exhibit [hereinafter "Ex." ___] C. The plaintiff alleges that after being "ignored" for the rest of 2002, on January 14, 2003, he complained of chest pains and was examined by Dr. Klein. He does not complain of Dr. Klein, however. The plaintiff closes his complaint with the fact that in late 2003, he was transferred to his current location, FMC-Devens.
>
> On February 4, 2004, the plaintiff filed an FTCA claim administratively (Ex. A), complaining of the loss of a kidney without his consent by the same persons whom he names as defendants herein. Further, he alleged that his other kidney is now failing; he may have to go on dialysis; and he is not a good candidate for a transplant. The Bureau of Prisons ("BOP") denied his claim, Administrative Tort Claim Number TRT-MXR-2004-02052, by letter of May 14, 2004, for reasons set out in the letter. Ex. B.

Record No. 5 at 1-2. In the same Order, the Court, *sua sponte,* dismissed without prejudice all of

2

the plaintiff's constitutional claims; all of the plaintiff's claims under 28 U.S.C. §§§1983, 1985, and 1986; and all of the individually named defendants, for the plaintiff's failure to exhaust prison administrative remedies and also his failure to file the lawsuit within Kentucky's one-year statute of limitations. Having timely filed and exhausted the FTCA administrative remedy scheme, the plaintiff was permitted to go forward with his negligence claim, and summons was ordered to issue for the United States on that claim.

On December 10, 2005, the United States filed the dispositive motion before the Court today.

## DEFENDANT'S MOTION

The United States moves the Court [Record No. 18] to dismiss the instant cause of action, or in the alternative, to enter summary judgment in the United States' favor.

The defendant begins with its version of relevant facts, which are supported by the declaration of a BOP attorney, who swears to certain events and the authenticity of records attached to the declaration. One of the important documents from the plaintiff's medical records is the hospital's consent form, showing his signature on the May 6, 2002 date, consenting to a "possible left nephrectomy." Attachment [hereinafter "Att."] F.

The defendant's position is that there is no evidence that any federal employee committed negligence before the surgery; to the contrary, medical staff appropriately referred him to a specialist. There is also no evidence that the plaintiff complained of his aftercare by any BOP employee either in his FTCA claim or the BOP's administrative remedy system, to exhaustion. Further, the defendant argues, to the extent the plaintiff is angry with the specialist, he is not entitled to the relief sought herein because the FTCA provides for damages for a negligent act or omission by a government employee, not an independent contractor, the defendant citing 28 U.S.C. §2671.

Therefore, the United States concludes, it is entitled to have the instant action dismissed or to have summary judgment entered in its favor.

Plaintiff's Response

The plaintiff has submitted a pleading in opposition [Record No. 24] to the defendant's motion. He asks the Court to reconsider its dismissal of his constitutional claims, contending that he twice went as far as he could go administratively, filing his own declaration and attaching exhibits. He points to the defendant's administrative remedy print-out (Att. B), showing all of his BOP administrative efforts, and notes that his complaint about aftercare was begun by July 3, 2002. He claims that it was not finished because he asked for but never got a BP-9. The plaintiff's own first attachment, Exhibit [hereinafter "Ex."] A, is a copy of his later informal request to staff (an 8½ form, the first of the BOP's 4-step administrative process), dated January 28, 2003, wherein he complains about his medical care at FCI-Ashland. He claims to have pursued this matter to all levels of the administrative process, ending with what he identifies as his May 5, 2003 BP-11 (the last of the four administrative steps). Ex. B. He purportedly never received a reply.

In addition to arguing that he completed the administrative system to the extent he could, the plaintiff bases his request for reinstatement of the dismissed claims on the ground that his actions have been timely and not outside Kentucky's one-year statute of limitations, under several theories, *e.g.*, his use of the administrative remedy system, beginning on July 3, 2002, "was within the one year time limit."

With regard to the defendant's legal arguments, the plaintiff insists that even when the BOP makes medical referrals, it retains control of prisoner-patients, such that the doctor is not truly an independent contractor. Alleging that he cannot read and maintaining that he did not give informed

consent to the surgery, the plaintiff gives a detailed description of the his interaction with medical personnel at the hospital just before his surgery, including a nurse's telling him that the form he was signing was only for "treatment," not surgery, and later giving him a shot to render him unconscious. It is he, the plaintiff insists, who is entitled to summary judgment.

## Additional Pleadings

The government has filed a reply [Record No. 25], citing case law supporting the proposition that private physicians who contract with a government agency to provide medical services are independent contractors, who are exempt under the FTCA. The defendant's other arguments, regarding exhaustion, motions to reconsider, and the consent issue are actually repeats of arguments already made.

Finally, the plaintiff has filed a "supplemental" pleading, continuing to assert that the BOP interfered with his ability to exhaust. Further, the BOP transferred him on March 18, 2003, which further thwarted his ability to exhaust and should toll the time for prosecuting a case in federal court.

## DISCUSSION

### Standards for Dismissal/Summary Judgment

The defendant herein has moved the Court to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, or in the alternative, for entry of judgment in favor of the United States, pursuant to Rule 56(b).

With regard to the first of these, Federal Rule of Civil Procedure 12(b) continues, in pertinent part, as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties

5

> shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*Id.* Thus, the plain language of the rule permits a Rule 12(b)(6) motion to be converted into a motion for summary judgment. Fed.R.Civ.P. 12(b); *Haase v. Sessions*, 835 F.2d 902, 905 (D.C. Cir. 1987); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357 (2nd ed. 1990) ("In determining whether to grant a Rule 12(b)(6) motion, the Court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.") (cited in *Nieman v. NLO, Inc., et al.*, 108 F.3d 1546 (6th Cir. 1997)).

If material presented does not contradict the allegations of the complaint, rebut, nor challenge the contentions, then the affidavit/offering does not convert the matter at hand from a Rule 12(b)(6) motion to one under Rule 56. *Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). However, if affidavits go to the underlying claim and the Court considers them pertinent to its ruling on the Rule 12(b)(6) motion for failure to state a claim, then the Court "shall" convert the motion into one for summary judgment pursuant to Rule 56.

Because the Court has considered the declarations attached to both the defendant's motion and the plaintiff's response, and these are dispositive of the plaintiff's claim, the standards of Rule 56 must also be set out. Under this rule, in determining a motion for summary judgment, the Court must determine whether there are "no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*

6

*Corporation v. Catrett*, 477 U.S. 317, 322 (1986).

The Supreme Court of the United States has directed that a court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The significant question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986).

The moving party has the burden of showing there is an absence of evidence to support a claim. *Celotex*, 477 U.S. at 324-25. After a moving party carries its burden, the non-moving party must go beyond the pleadings to designate by affidavits, depositions, answers to interrogatories, and admissions on file, specific facts showing that there is a genuine issue of material fact for trial. *Id.* If the non-movant completely fails to prove an essential element of his or her case, then all other facts are rendered immaterial. *Id.* at 322-23.

With these standards in mind, the Court turns its attention to the motion before it.

Application of Standards to the Instant Claims

As unfortunate as the plaintiff's condition is, it is not one compensable under federal or state law, under the facts of this case.

With regard to reconsidering its earlier Order dismissing individual defendants and constitutional claims, the Court has re-examined the instant record and the BOP administrative remedy scheme. The administrative remedy process available to inmates confined in Bureau of Prisons institutions is set out at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff (this plaintiff's 8½ exhibit). If the inmate

cannot informally resolve his complaint, then he may file a formal written request to the Warden (BP-9 form used by the instant plaintiff); if the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director (BP-10), and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel (BP-11).

The BOP's administrative remedy scheme includes time limitations. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension may be granted. If the inmate does not receive a response within the allotted time, he may consider the absence of response as a denial at that level. §542.15.

The evidence furnished by both parties is consistent in establishing that the plaintiff first complained of his medical care administratively in June and July after his May surgery. Regardless of the reason for his not pursuing that complaint administratively, remaining agreed-upon evidence is that the plaintiff filed nothing else for more than 6 months. Eight months after the surgery, on January 28, 2003, the plaintiff filed a BP-8½, complaining that "the medical staff is not taking care of my health needs," in an administrative remedy which he pursued the farthest, No. 290107. The rejection of the BP-11 therein, on May 13, 2003, was still more than 14 months before the filing of the instant action. Even under the plaintiff's calculations, forgiving the 6-month period of silence and tolling the statute of limitations while the administrative remedies were being pursued, his civil rights claims are both time-barred and not exhausted.

As to the remaining claims, exhaustion of the FTCA administrative scheme is a pre-filing requirement which the plaintiff has timely met. *See Tinker-Bey v. Meyers*, 800 F.2d 710 (7th Cir. 1986). With regard to the claims exhausted therein, the Court looks to the contents of the plaintiff's

February 4, 2004 claim form. Att. C. He claimed therein that the urologist removed his left kidney, improperly and without his consent. "Now my other kidney is failing. I may have to go on dialysis." He did not mention any dissatisfaction with any employee or with any aspect of his aftercare at FCI-Ashland.

The FTCA claim was denied, by letter of May 14, 2004. Ex. D. The Bureau of Prisons legal officer explained therein that BOP staff gave appropriate medical care in promptly referring him to a specialist; the removal of his kidney was the result of the urologist's actions, not a BOP employee; and there was no evidence that any negligent, wrongful act or omission on the part of any BOP employee was a factor in any injury. This Court reaches the same conclusions.

The FTCA neither creates a cause of action against the United States nor provides a means of enforcing federal statutory duties. *Myers v. United States*, 17 F.3d 890 (6th Cir. 1994) (citing *Howell v. United States*, 932 F.2d 915, 917 (11th Cir. 1991); *Sellfors v. United States*, 697 F.2d 1362, 1365 (11th Cir. 1983), *cert. denied*, 468 U.S. 1204 (1984)). The FTCA constitutes the government's consent for tort actions "for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment . . . ." 28 U.S.C. §1346(b).

The FTCA consent to suit is limited to cases in which "a private individual [would be liable] under like circumstances." 28 U.S.C. §2674. In keeping with the policy that waivers of sovereign immunity be strictly construed and resolved in favor of the United States, exceptions to the United States' liability under the statute are broadly construed. *See Lurch v. United States*, 719 F.2d 333, 338 (10th Cir. 1983), *cert. denied*, 466 U.S. 927 (1984); 28 U.S.C. §2680(a)-(n).

The liability of independent contractors is not included in the FTCA, and whether a person

9

is a contractor or an employee is determined under federal law. *See Logue v. United States*, 412 U.S. 511, 528 (1973); *Robb v. United States*, 80 F.3d 884, 887 (4th Cir. 1996) (holding that physicians employed by health care provider and radiologist separately contracting to provide services at military base were considered independent contractors, hence dismissal of FTCA claim for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1) affirmed).

In 1992, this Court dismissed a similar complaint by another federal prisoner who had alleged injury at the hands of negligent personnel at the University of Kentucky Medical Center, at the direction of doctors at the Veterans Administration Hospital, in Lexington, Kentucky. *Durbin v. United States*, No. 92-CV-60124-HRW. The United States Court of Appeals for the Sixth Circuit affirmed the dismissal, with citations on the topic of the FTCA's not covering independent contractors, including *United States v. Orleans*, 425 U.S. 807, 813-14 (1976). *Durbin v. United States*, 996 F.2d 1214, 1993 WL 219868 (6th Cir. 1993) (unpublished). The appellate court noted that whether conduct falls within a statutory exception is jurisdictional. Therefore, the Sixth Circuit wrote, this Court "correctly concluded that it lacked subject matter jurisdiction." *Id.* The instant FTCA case is no different.

## CONCLUSION

Accordingly, this Court being advised, **IT IS ORDERED** as follows:

(1)  The motion of the United States for dismissal [Record No. 18] is **GRANTED**.

(2)  Plaintiff McConnell's cause of action will be **DISMISSED** and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the United States.

This June 13, 2005.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge